IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL J. KRIZ, ) | 4:09CV3094 |
| ) | |
| Petitioner, ) | |
| ) | **AMENDED** |
| v. ) | **MEMORANDUM** |
| ) | **AND ORDER** |
| 12TH JUDICIAL DISTRICT ) | |
| BOARD OF MENTAL HEALTH OF ) | |
| BOX BUTTE CO., ) | |
| ) | |
| Respondent. ) | |

Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (filing no. 1), a Motion for Leave to Proceed in Forma Pauperis ("IFP") (filing no. 2), and a copy of his institutional trust account statement (filing no. 3).

## *I.  MOTION TO PROCEED IFP*

Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 fee. 28 U.S.C. § 1914(a). However, pursuant to 28 U.S.C. § 1915(a)(1)-(2), and after considering Petitioner's financial status as shown in the records of this court, provisional leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the fee at this time.

## *II.  PETITION FOR WRIT OF HABEAS CORPUS*

Petitioner filed a Petition for Writ of Habeas Corpus on May 12, 2009. (Filing No. 1). According to his Petition, Petitioner is being held indefinitely at the Lincoln Regional Center by order of the Mental Health Board of Box Butte County. Petitioner lists no grounds on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States. He states only that he would like a hearing and

to be released from the Lincoln Regional Center. (Filing No. 1 at CM/ECF p. 15.)

The court must conduct an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. However, Petitioner identified no grounds on which he claims he is being held in violation of the Constitution, laws, or treaties of the United States. Thus, the pending Petition for Writ of Habeas Corpus (filing no. 1) is deemed insufficient and the court will not act upon it. However, on its own motion, the court will grant Petitioner 20 days to amend his Petition using Form AO241, or a similar format. In the Amended Petition, Petitioner must specify the respondent(s), the grounds for relief, the facts supporting each ground, and the relief requested. Failure to comply with this order may result in dismissal of the Petition without further notice.

IT IS THEREFORE ORDERED that:

1.  The Motion for Leave to Proceed in Forma Pauperis (filing no. 2) is provisionally granted and Petitioner will not be required to pay the $5.00 fee at this time.

2.  The pending Petition for Writ of Habeas Corpus (filing no. 1) is deemed insufficient and the court will not act upon it.

3.  On or before June 22, 2009, Petitioner must submit a signed Amended Petition for Writ of Habeas Corpus. In the Amended Petition, Petitioner must specify the respondent(s), the grounds for relief, the facts supporting each ground, and the relief requested. Failure to comply with this order may result in dismissal of the Petition without further notice.

4.  The Clerk of the court is directed to send Petitioner a Form AO241

packet, Petition for Relief From a Conviction or Sentence By a Person in State Custody.

     5.    The Clerk of the court is directed to set a pro se case management deadline in this case with the following text: June 22, 2009: deadline for Petitioner to submit Amended Petition.

May 29, 2009.                      BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge